## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

**REGINA UDO-INYANG**,

      Plaintiff                  Case No. _____

vs                              Judge: _____

**BOARD OF GOVENORS OF WAYNE STATE UNIVERSITY**,
d.b.a Wayne State University, and **KERTIA BLACK**
and  **ROBERT R. FRANK**, individually and in
their official capacities,  jointly and severally.

      Defendants

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff **Regina Udo-Inyang**, by her attorney **Jeffrey L. Herron** and for her Complaint,

complains against Defendant **Board of Governors of Wayne State University** and Defendants

**Kertia Black** and **Robert R. Frank** in their individual and official capacities as follows:

### *Jurisdiction and Parties*

1. This is an action under the Americans with Disabilities Act, 42 USC §12101*et seq.*, the

   Rehabilitation Act, 29 USC §794 *et seq*., and the Persons With Disabilities Civil Rights

   Act, MCL 37.1101 *et seq*. ("PWDCRA") for discrimination on the basis of disability and

   for retaliation; under 42 USC §1983 for deprivation of Plaintiff's rights under the First

and Fourteenth Amendments to the United States Constitution, for deprivation of Plaintiff's rights to freedom of speech, due process, and equal protection under the Michigan Constitution, for breach of contract, and intentional infliction of emotional distress based on Michigan common law, and for discrimination under the Elliott-Larsen Civil Rights Act, MCL §37.2101 *et seq.*

2.  Defendant **Board of Governors of Wayne State University** (hereafter "**Defendant Wayne State University**") is a constitutional body corporate operating within Wayne County, Michigan, within the Eastern District of Michigan.

3.  Plaintiff **Regina Udo-Inyang** (hereafter "Plaintiff **Udo-Inyang**") is a resident of Michigan, and resides within the Eastern District of Michigan.

4.  At all times relevant to this Complaint Defendant **Kertia Black** (hereafter "Defendant Black") was the Assistant Dean for Student Affairs and an Associate Professor at Defendant **Wayne State University's** School of Medicine and is a resident of Michigan, within the Eastern District of Michigan. At all times relevant to this Complaint Defendant Robert R. Frank (hereafter "Defendant Frank") was the Chairman of the Promotions Committee at Defendant **Wayne State University's** School of Medicine and is a resident of Michigan, within the Eastern District of Michigan.

5.  The events giving rise to this cause of action occurred in Wayne County Michigan which is within the Eastern District of Michigan.

6.  This Court has jurisdiction pursuant to 29 U.S.C. §1441 (federal question jurisdiction) and 28 U.S.C. §1367 (supplemental jurisdiction of state law claims).

*Background Facts*

7.  Plaintiff was a student at Defendant **Wayne State University's** School of Medicine from August 1998 until her dismissal on or about September 26, 2008.

8.  Plaintiff came to Defendant **Wayne State University's** School of Medicine with an excellent record of academic achievement throughout her educational career.

9.  During the course of her studies, Plaintiff began experiencing severe migraine headaches. Defendant **Wayne State University's** School of Medicine response to these health-related concerns was to place Plaintiff on multiple medical leaves of absence. During this period Defendant **Wayne State University's** School of Medicine made no effort to discern if an underlying disability was affecting Plaintiff's performance and, if so, whether modifications and accommodations would permit Plaintiff to remain enrolled without medical leaves of absence.

10. One of the medial school program requirements is that students pass certain courses, which often involve multiple examinations including, in the case of the surgery clerkship, the surgery shelf exam.

11. Plaintiff, who was born in Nigeria, has a lifetime experience of not completing examinations in allotted time. As a youth in her native country, teachers would provide additional time, but cultural factors in her native country resulted in her not being evaluated for potential health problems which might contribute to this difficulty. Plaintiff's experience with not completing examinations predates her history of migraines.

12. In her secondary education experience, Plaintiff has continued to experience difficulties in completing examinations in the allotted time, even examinations for which she has received a passing grade.

13. As a result of these difficulties, Plaintiff attempted, on several occasions, to pass the surgery shelf examination but, without a diagnosis or accommodation, was unsuccessful.

14. In or about July, 2007 Defendant **Wayne State University's** School of Medicine dismissed Plaintiff from the School of Medicine after she again failed to pass the surgery shelf examination. At the urging of one or more faculty members, in lieu of dismissal Defendant **Wayne State University's** School of Medicine had Plaintiff evaluated for potential disability.

15. The medical provider selected by Defendant **Wayne State University's** School of Medicine determined that, in fact, Plaintiff was disabled and diagnosed her with Attention Deficit Hyperactivity Disorder, and recommended that she be reinstated to the Medical School and her disability be accommodated with modifications to the educational program.

16. Defendant **Wayne State University's** School of Medicine accepted this medical evaluation, reinstated Plaintiff to the program, and agreed to permit Plaintiff to continue her medical education.

17. Agents of Defendant **Wayne State University's** School of Medicine informed Plaintiff that Plaintiff would receive modifications and reasonable accommodations for her disability to permit her to continue in the program.

18. The Surgery Shelf Exam is a multiple choice exam scored using a Scantron-type answer sheet that requires students to mark their answer by filling in an oval with a pencil or pen.

4

19. Scantron-type scoring sheets are known to cause difficulties for students with ADHD, due in part to the attention-shifting required away from the test booklet containing the questions and potential answers to the separate scoring sheet.

20. The health provider selected by Defendant **Wayne State University's** School of Medicine specifically noted the challenges Plaintiff faces with Scantron-type scoring sheets in his evaluation of Plaintiff.

21. Because of these knows challenges with the Scantron-type system, Defendant **Wayne State University** offers students accommodations for these types of tests – which may include a proctor to transpose the student's answers from the test booklet to the score sheet, or which include permitting the student to have their exam scored from answers circle in the test booklet.

22. Providing this type of accommodation is approved and encouraged by Defendant **Wayne State University's** Educational Accessibility Services ("EAS") and represents official policy of Defendant **Wayne State University.** In its "Alternative Test Administration for Faculty" the EAS specifically notes as an accommodation having answers scribed onto an Optical Mark Recognition (OMR) sheet. Scantron is a brand of OMR scoring.

23. Prior to taking the Surgery Shelf Examination in August 2008 Plaintiff requested accommodation and modification for her disabilities, including, *inter alia*, additional time to complete the exam, taking the exam in a separate quiet room, and a scribe to transpose her answers to the Scantron-type score sheet.

24. On or about August 29, 2008, Plaintiff took the Surgery Shelf Examination. Defendant **Wayne State University's** School of Medicine provided extra time and a separate room but refused to provide a scribe to transfer Plaintiff's answers to the Scantron-type score

sheet or to provide any other accommodation to address the known challenges this type of score sheet causes Plaintiff (e.g., permitting her to mark her answers in the test booklet).

25. Plaintiff's knowledge of the surgery course material was acceptable if not better, as reflected in her passing grades on oral examinations and clinical examinations.

26. Plaintiff's ability to correctly answer written questions on surgery topics was acceptable if not better, as reflected by the passing grades she received on practice examinations.

27. Plaintiff's general ability to correctly answer written questions has been demonstrated by her passing written examinations where questions and answers are displayed on a computer screen and there is no attention-shifting required between a test booklet and a Scantron-type score sheet.

28. Because Plaintiff had previously taken the surgery shelf examination without accommodation and had allegedly failed, Plaintiff was informed that her next sitting of the examination, her only sitting with accommodation, would be "all or nothing" and that she would not receive an additional opportunity to take the examination is she proved unsuccessful.

29. Because her prior efforts at the surgery shelf examination did not involve accommodation of her disabilities, Plaintiff that she be permitted to sit the surgery shelf examination "without prejudice" meaning her first effort (with accommodation) would be treated as her first sitting of the examination, with the same customary right to retake the examination if needed that is provided to non-disabled students.

30. Defendant **Wayne State University's** School of Medicine refused this requested accommodation and, to the contrary, repeatedly sent Plaintiff harassing and intimidating

messages reminding her that this was her "last chance" to pass the surgery shelf exam. On information and belief, other students taking exams a second time are not harassed and intimidated in this manner.

31. Plaintiff suffers from a diagnosed anxiety disorder, which Defendant **Wayne State University's** School of Medicine was aware of. The repeated "last chance" warnings were designed to and did in fact heighten Plaintiff's anxiety and affected her performance on the surgery shelf examination.

32. Defendant **Wayne State University's** School of Medicine actions were deliberate and intentional, and contradicted a prior request by Plaintiff's mental health care provider that Defendant **Wayne State University's** School of Medicine refrain from direct communications of this type.

33. On or about September 20, 2008 Defendant **Wayne State University's** School of Medicine informed Plaintiff that she had allegedly not passed the surgery shelf examination.

34. Plaintiff requested a written copy of her examination score from Defendant **Wayne State University's** School of Medicine. This score is provided by the board that administers the test. Defendant **Wayne State University's** School of Medicine refused to provide Plaintiff with a copy of her score.

35. Plaintiff requested written confirmation of what score would constitute a passing score for a first time taker of the exam. Defendant **Wayne State University's** School of Medicine refused to provide this.

36. On information and belief, Plaintiff believes that Defendant **Wayne State University's** School of Medicine required a higher score of her to pass the surgery shelf exam because

she had previously taken the examination and purportedly failed, though on prior occasion she had not been fully accommodated for her disabilities.

37. Defendant **Wayne State University's** School of Medicine informed Plaintiff that her alleged score was two points below the passing grade established for her.

38. Assuming the test score orally reported to Plaintiff is accurate, Plaintiff's score was adversely affected by Defendant **Wayne State University's** School of Medicine refusal to fully and properly accommodate her disabilities, and as a direct and proximate result her test score was lower than her aptitude and ability would produce with accommodation. As a result her test score reflects her disability rather than her working knowledge of the surgery course materials.

39. Although Plaintiff is required to pass the Surgery course, the grade in that course is determined by multiple factors, including oral and clinical examinations and other factors. The instructors have the capacity and authority to give a student a passing grade even if an examination is not passed. On information and belief, other students have received passing grades in courses where an otherwise mandatory examination was not successfully passed.

40. On or about September 26, 2008 Defendant **Wayne State University's** School of Medicine informed Plaintiff that she was dismissed from the program solely due to her alleged non-passing grade on the surgery shelf exam.

41. The procedures used to dismiss Plaintiff violated the policies and procedures of the School of Medicine and of Defendant **Wayne State University.** Among other violations, the procedure used by-passed grading committees and denied Plaintiff other procedural rights within the School of Medicine.

42. Plaintiff filed a timely appeal of her dismissal. That appeal was denied by Defendant **Wayne State University's** School of Medicine on or about May 29, 2009.

43. Thereafter, Plaintiff filed a timely complaint of discrimination with Defendant **Wayne State University's** Office of Equal Opportunity (OEO).

44. The OEO determined, among other things, that Defendant **Wayne State University's** School of Medicine had failed to conduct an individualized assessment of Plaintiff's needs in refusing to provide accommodation for the Scantron-type scoring. However, the OEO determined that providing such accommodation would result in a "fundamental alteration" of the program.

45. The OEO's determination is directly at odds with Defendant **Wayne State University's** policies and procedures that permit accommodation for Scantron-type scoring.

46. Plaintiff filed a timely appeal of the OEO determination with Defendant **Wayne State University's** School of Medicine Office of the Executive Vice President. That appeal was denied on or about March 10, 2010.

47. After her dismissal, Plaintiff also filed a timely appeal with Defendant **Wayne State University's** Provost.

48. Defendant **Wayne State University's** policies and procedures require that an appeal to the Provost be decided as soon as possible.

49. As of the filing of this Complaint, the Provost has not ruled on Plaintiff's appeal despite repeated demands for a decision.

50. Agents of Defendant **Wayne State University** employed in the Provost's office informed Plaintiff that the Provost would not rule on her appeal because an OEO complaint was pending and later an appeal to the Executive Vice President.

51. There are not provisions in the policies and procedures of Defendant **Wayne State University** that permit the Provost to refuse to rule on appeal because a complaint of discrimination had been filed. On information, students who do not file discrimination complaints have their appeals heard and decided by the Provost in a timely manner.

52. As of the filing of this Complaint, the Provost has not ruled on Plaintiff's appeal despite repeated demands for a decision.

53. Defendants' treatment of Plaintiff is directly related to her efforts to seek reinstatement and evaluation following her 2007 dismissal from Defendant **Wayne State University's** School of Medicine. Defendants have engaged in an ongoing hostile response to Plaintiff's efforts to seek accommodation for her disabilities.

54. These hostile acts include but are not limited to dismissing her from the Medical School in July 2008 when she was unable to sit the surgery shelf exam due to a documented illness. This dismissal did not follow proper policies and procedures and was later rescinded.  On information and belief, non-disabled students are not dismissed from the medical school if they are unable to sit an examination due to documented illness.

55. These hostile acts include, but are not limited to, refusing to place Plaintiff on a medical leave of absence when requested by Plaintiff's physician prior to her September 2008 dismissal, thereby permitting Plaintiff to recover from the traumatic effects of the August 2008 surgery shelf examination were then having on Plaintiff's health.

56. These hostile acts include but are not limited to failing to investigate potential accommodations for Plaintiff's disabilities.

57. Plaintiff is a "person with a disability" within with meaning of federal and state statutes. She suffers from multiple impairments including ADHD, anxiety and depression. These

impairments, alone and in combination, substantially limit her in one or more major life activities.

58. Plaintiff is qualified to participate in Defendant **Wayne State University's** educational program at the School of Medicine.

59. Plaintiff is black skinned and of Nigerian ancestry and birth. She is a naturalized US citizen.

60. Defendants have treated similarly-situated disabled and non-disabled students at Defendant **Wayne State University** whose academic performance was equivalent to or less satisfactory than Plaintiff's because of race and/or national origin.

61. More specifically, Defendant **Wayne State University** administrators have favored non-Caucasian and non-foreign "minority" students by intervening to ensure that they receive passing grades in their courses, and Defendants have applied a different standard with respect to assessing academic performance, providing accommodations, and/or in making academic dismissal determinations.

### Count I
### Discrimination – Americans With Disabilities Act

62. Plaintiff incorporates by reference paragraphs 1 through 61 set forth above with the same force and effect as though set forth in full herein.

63. For purposes of the Americans with Disabilities Act, 42 USC §12101 et seq. ("ADA"), Plaintiff is an individual with a disability because she has one or more impairments which substantially limit her in one or more major life activities and/or because Defendants regarded her as having physical or mental impairments that substantially limited one or more life activities.

64. Defendant **Wayne State University** is a state or local government for purposes of Title II of the ADA and/or a place of public accommodation for purposes of Title III of the ADA.

65. Defendant **Wayne State University** discriminated against Plaintiff on the basis of disability in the full and equal enjoyment of the services, facilities, privileges, advantages and accommodations of Defendant **Wayne State University**. This discrimination includes but is not limited to a failure to provide reasonable modifications, conducting disciplinary proceedings in a manner which violated Defendant **Wayne State University's** procedures and policies, denying Plaintiff her due process rights under Defendant **Wayne State University's** procedures and policies.

66. Defendant **Wayne State University**'s actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

67. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of her medical school education and Medical Doctor (M.D.) degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

### Count II
### Discrimination – Rehabilitation Act

68. Plaintiff incorporates by reference paragraphs 1 through 67 set forth above with the same force and effect as though set forth in full herein.

69. Defendant **Wayne State University** receives federal financial assistance.

70. For purposes of Section 504 of the Rehabilitation Act of 1973, 29 USC §794, Plaintiff is an individual with a disability because she has one or more impairments which

substantially limit her in one or more major life activities and/or because Defendants regarded her as having physical or mental impairments that substantially limited one or more life activities.

71. Plaintiff was and is otherwise qualified to participate in and enjoy the benefits of the programs of Defendant **Wayne State University**, including education; as such term is defined for purposes of the Rehabilitation Act.

72. Defendant **Wayne State University** has discriminated and continues to discriminate against Plaintiff solely by reason of disability. This discrimination includes but is not limited to a failure to provide reasonable modifications, conducting disciplinary proceedings in a manner which violated Defendant **Wayne State University's** procedures and policies, denying Plaintiff her due process rights under Defendant **Wayne State University's** procedures and policies.

73. Defendant **Wayne State University**'s actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

74. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of her medical school education and Medical Doctor (M.D.) degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

### Count III
### Discrimination – PWDCRA

75. Plaintiff incorporates by reference paragraphs 1 through 74 set forth above with the same force and effect as though set forth in full herein.

76. For purposes of Michigan's Person With Disabilities Civil Rights Act, MCLA 37.1101 et seq. ("PWDCRA"), Plaintiff is an individual with a disability because she has one or more impairments which substantially limit her in one or more major life activities and/or because Defendants regarded her as having physical or mental impairments that substantially limited one or more life activities.

77. Defendant **Wayne State University** is a place of public accommodation and/or an educational institution for purposes of the PWDCRA and each of the individual defendants is an agent of Defendant **Wayne State University.**

78. Defendants discriminated against Plaintiff because of disability in education and with respect to the full and equal enjoyment of the services, facilities, privileges, advantages and accommodations of Defendant **Wayne State University**.

79. Defendants discriminated and/or continue to discriminate against Plaintiff on the basis of disability. This discrimination includes but is not limited to a failure to provide reasonable modifications, conducting disciplinary proceedings in a manner which violated Defendant **Wayne State University's** procedures and policies, denying Plaintiff her due process rights under Defendant **Wayne State University's** procedures and policies

80. Defendants' actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

81. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of her medical school education and Medical Doctor (M.D.) degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

### *Count IV*
### *Retaliation – Americans With Disabilities Act*

82. Plaintiff realleges paragraphs 1-81 set forth above with the same force and effect as though set forth in full herein.

83. Defendant retaliated against Plaintiff for having sought reinstatement to the Medical School and requesting evaluation of and accommodation for her disabilities and for contesting subsequent dismissal from the Medical School and otherwise exercising her rights and complaining about Defendants' discriminatory practices described above, in violation of the ADA.

84. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

85. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of her medical school education and Medical Doctor (M.D.) degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

### Count V
### Retaliation – Rehabilitation Act

86. Plaintiff incorporates by reference paragraphs 1 through 85 set forth above with the same force and effect as though set forth in full herein.

87. Defendant retaliated against Plaintiff for having sought reinstatement to the Medical School and requesting evaluation of and accommodation for her disabilities and for contesting subsequent dismissal from the Medical School and otherwise exercising her rights and complaining about Defendants' discriminatory practices described above, in violation of the Rehabilitation Act.

88. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

89. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of her medical school education and Medical Doctor (M.D.) degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

### Count VI
### Retaliation – PWDCRA

90. Plaintiff incorporates by reference paragraphs 1 through 89 set forth above with the same force and effect as though set forth in full herein.

91. Defendant retaliated against Plaintiff for having sought reinstatement to the Medical School and requesting evaluation of and accommodation for her disabilities and for

contesting subsequent dismissal from the Medical School and otherwise exercising her rights and complaining about Defendants' discriminatory practices described above, in violation of the PWDCRA.

92. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

93. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of her medical school education and Medical Doctor (M.D.) degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

### *Count VII*
### *42 USC § 1983 - Fourteenth Amendment Due Process*

94. Plaintiff repeats and realleges Paragraphs 1 through 93 set forth above with the same force and effect as though set forth in full herein.

95. As a student at public university, Plaintiff enjoyed a constitutionally protected fundamental right and interest in continuing her medical school education.

96. As a student at a public university, Plaintiff enjoyed a constitutionally protected property interest in continuing her medical school education.

97. Plaintiff's reputation and her opportunity to pursue future employment constitute a constitutionally protected liberty interest.

98. Defendants' dismissal of Plaintiff from Defendant **Wayne State University's** School of Medicine was arbitrary and capricious and motivated by bad faith.

17

99. Plaintiff was not afforded an unbiased, careful, and deliberate review process either prior to or following her dismissal from Defendant **Wayne State University's** School of Medicine.

100.     Defendants made false charges and accusations against Plaintiff which stigmatized her and severely damaged her opportunities for future employment.

101.     Plaintiff was denied a meaningful opportunity to clear her name.

102.     In depriving Plaintiff of her constitutionally protected rights, including her fundamental right to and property interest in continuing her public university education, and her liberty interest in her reputation and opportunity to pursue future employment, Defendants' actions abridge her right to due process of law in violation of the Fourteenth Amendment to the United States Constitution.

103.     Defendants **Black**, **Frank**, and other agents, representatives, and employees of Defendant **Wayne State University** acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights.

104.     Defendants **Black**, **Frank**, and other agents, representatives, and employees of Defendant **Wayne State University** acting under color of state law and in concert with one another, acted out of vindictiveness and ill will towards Plaintiff.

**105.**     The acts of Defendants **Black**, **Frank**, and other agents, representatives, and employees of Defendant **Wayne State University** as described above represent official policy of Defendant **Wayne State University** and are attributable to Defendant **Wayne State University.**

106.     At all times material hereto, Plaintiff had a clearly established right to due process of law of which a reasonable public official would have known.

107.     As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of her medical school education and Medical Doctor (M.D.) degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

### Count VIII
### 42 USC § 1983 - Fourteenth Amendment Equal Protection

108.     Plaintiff repeats and realleges Paragraphs 1 through 107 set forth above with the same force and effect as though set forth in full herein.

109.     Plaintiff has a right to fair and equal treatment under the law, as guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

110.     Defendants have intentionally singled out and treated Plaintiff less favorably than other similarly situated persons, without any rational basis for that treatment. In so doing, Defendants have denied Plaintiff fair and equal treatment under the law in violation of the Equal Protection Clause of the Fourteenth Amendment to United States Constitution.

111.     Defendants **Black**, **Frank**, and other agents, representatives, and employees of Defendant **Wayne State University** acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights.

112.      Defendants **Black**, **Frank**, and other agents, representatives, and employees of Defendant **Wayne State University** acting under color of state law and in concert with one another, acted out of vindictiveness and ill will towards Plaintiff.

113.      The acts of Defendants **Black**, **Frank**, and other agents, representatives and employee of Defendant **Wayne State University** described above represent official policy of Defendant **Wayne State University** and are attributable to Defendant **Wayne State University.**

114.      At all times material hereto, Plaintiff had a clearly established right to equal fair and equal treatment under the law of which a reasonable public official would have known.

115.      As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of her medical school education and Medical Doctor (M.D.) degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

### Count IX
### *42 USC §1983 - First Amendment Freedom of Speech Retaliation*

116.      Plaintiff repeats and realleges Paragraphs 1 through 116 set forth above with the same force and effect as though set forth in full herein.

117.      Plaintiff has a right to be free from retaliation for exercising rights protected by the First Amendment to the U.S. Constitution, including her right to seek redress by filing a discrimination complaint with Defendant Wayne State University's Office of Equal

Opportunity and her right to speak freely with fellow students and faculty in a public

university setting about matters related to accommodation of students with disabilities.

118.     Plaintiff's efforts to seek redress by filing a discrimination complaint and to speak

freely with fellow students and faculty in a public university setting about matters related

to the accommodation of students with disabilities amount to an exercise of rights

protected by the First Amendment to the U.S. Constitution, including Plaintiff's right to

seek redress and to free speech.

119.     Defendants have retaliated against Plaintiff for exercising her First Amendment

rights by engaging in discriminatory treatment and by dismissing her from Defendant

**Wayne State University's** Medical School.

120.     Defendant **Black**, **Frank**, and other agents, representatives, and employees of

Defendant **Wayne State University** acting under color of state law and in concert with

one another, by their conduct, showed intentional, outrageous, and reckless disregard for

Plaintiff's constitutional rights.

121.     Defendant **Black**, **Frank**, and other agents, representatives, and employees of

Defendant **Wayne State University** acting under color of state law and in concert with

one another, acted out of vindictiveness and ill will towards Plaintiff.

122.     Defendant **Black**, **Frank**, and other agents, representatives, and employees of

Defendant **Wayne State University** acting under color of state law and in concert with

one another, acted out of an intent to punish Plaintiff for and to deter her from exercising

her First Amendment rights.

123.     The acts of Defendant **Black**, **Frank**, and other agents, representatives, and

employees of Defendant **Wayne State University** as described above represent official

policy of Defendant **Wayne State University** and are attributable to Defendant **Wayne State University**.

124.     At all times material hereto, Plaintiff had a clearly established right to redress and to freedom of speech of which a reasonable public official would have known.

125.     As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of her medical school education and Medical Doctor (M.D.) degree, time and resources, career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

### Count X
### Michigan Constitution - Due Process

126.     Plaintiff repeats and realleges Paragraphs 1 through 125 set forth above with the same force and effect as though set forth in full herein.

127.     As a student at public university, Plaintiff enjoyed a constitutionally protected fundamental right and interest, under the Michigan Constitution, in continuing her medical school education.

128.     As a student at a public university, Plaintiff enjoyed a constitutionally protected property interest, under the Michigan Constitution, in continuing her medical school education.

129.     Plaintiff's reputation and her opportunity to pursue future employment constitute a constitutionally protected liberty interest under the Michigan Constitution.

130.     Defendants' dismissal of Plaintiff from Defendant **Wayne State University's** School of Dentistry was arbitrary and capricious and motivated by bad faith.

131.    Plaintiff was not afforded an unbiased, careful, and deliberate review process either prior to or following her dismissal from Defendant **Wayne State University's** School of Dentistry.

132.    Defendants made false charges and accusations against Plaintiff which stigmatized her and severely damaged her opportunities for future employment.

133.    Plaintiff was denied a meaningful opportunity to clear her name.

134.    In depriving Plaintiff of her constitutionally protected rights, including her fundamental right to and property interest in continuing her public university education, and her liberty interest in her reputation and opportunity to pursue future employment, Defendants' actions abridge her right to due process of law in violation of the Michigan Constitution.

135.    Defendants **Black**, **Frank**, and other agents, representatives, and employees of Defendant **Wayne State University** acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights.

136.    Defendants **Black**, **Frank**, and other agents, representatives, and employees of Defendant **Wayne State University** acting under color of state law and in concert with one another, acted out of vindictiveness and ill will towards Plaintiff.

137.    The acts of Defendant **Black**, **Frank**, and other agents, representatives, and employees of Defendant **Wayne State University** as described above represent official policy of Defendant **Wayne State University** and are attributable to Defendant **Wayne State University**.

138.     At all times material hereto, Plaintiff had a clearly established right to due process of law under the Michigan Constitution of which a reasonable public official would have known.

139.     As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages,  including but not limited to, monetary damages, loss of her medical school education and Medical Doctor (M.D.) degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

### Count XI
### Michigan Constitution - Equal Protection

140.     Plaintiff repeats and realleges Paragraphs 1 through 139 set forth above with the same force and effect as though set forth in full herein.

141.     Plaintiff has a right to fair and equal treatment under the law, as guaranteed by the Michigan Constitution.

142.     Defendants have intentionally singled out and treated Plaintiff less favorably than other similarly situated persons, without any rational basis for that treatment. In so doing, Defendants have denied Plaintiff fair and equal treatment under the law in violation of the Michigan Constitution.

143.     Defendants **Black**, **Frank**, and other agents, representatives, and employees of Defendant **Wayne State University** acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights.

144.     Defendants **Black**, **Frank**, and other agents, representatives, and employees of Defendant **Wayne State University** acting under color of state law and in concert with one another, acted out of vindictiveness and ill will towards Plaintiff.

145.     The acts of Defendants **Black**, **Frank**, and other agents, representatives and employee of Defendant **Wayne State University** described above represent official policy of Defendant **Wayne State University** and are attributable to Defendant **Wayne State University**.

146.     At all times material hereto, Plaintiff had a clearly established right to equal fair and equal treatment under the law of which a reasonable public official would have known.

147.     As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of her medical school education and Medical Doctor (M.D.) degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

### Count XII
### Michigan Constitution - Freedom of Speech

148.     Plaintiff repeats and realleges Paragraphs 1 through 147 set forth above with the same force and effect as though set forth in full herein.

149.     Plaintiff has a right to be free from retaliation for exercising rights protected by the Michigan Constitution, including her right to speak freely with fellow students and

faculty in a public university setting about matters related to the forced resignations of two of her professors.

150.    Plaintiff's efforts to speak freely with fellow students and faculty in a public university setting about matters related to the forced resignations of two of her professors amount to an exercise of rights protected by the Michigan Constitution, including Plaintiff's right to free speech.

151.    Defendants have retaliated against Plaintiff for exercising her constitutional rights by engaging in discriminatory treatment and by dismissing her from Defendant **Wayne State University's** School of Dentistry.

152.    Defendant **Black**, **Frank**, and other agents, representatives, and employees of Defendant **Wayne State University** acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights under the Michigan Constitution.

153.    Defendant **Black**, **Frank**, and other agents, representatives, and employees of Defendant **Wayne State University** acting under color of state law and in concert with one another, acted out of vindictiveness and ill will towards Plaintiff.

154.    Defendant **Black**, **Frank**, and other agents, representatives, and employees of Defendant **Wayne State University** acting under color of state law and in concert with one another, acted out of an intent to punish Plaintiff for and to deter her from exercising her right to freedom of speech under the Michigan Constitution.

155.    The acts of Defendant **Black**, **Frank**, and other agents, representatives, and employees of Defendant **Wayne State University** as described above represent official

policy of Defendant **Wayne State University** and are attributable to Defendant **Wayne State University.**

156.    At all times material hereto, Plaintiff had a clearly established right to freedom of speech under the Michigan Constitution of which a reasonable public official would have known.

157.    As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of her medical school education and Medical Doctor (M.D.) degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

*Count XIII*
*Elliott-Larsen Civil Rights Act*

158.    Plaintiff repeats and realleges Paragraphs 1 through 157 set forth above with the same force and effect as though set forth in full herein.

159.    Defendant **Wayne State University** is a place of public accommodation, a public service, and an educational institution as defined in Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MCL 37.2301; MCL 37.2401.

160.    Defendants **Black**, **Frank**, are persons as that term is defined in the Act, and agents of Defendant **Wayne State University**.

161.    Defendants violated the ELCRA by treating similarly-situated students at Defendant **Wayne State University** whose academic performance was equivalent to or

less satisfactory than Plaintiff's academic performance, more favorably than Plaintiff, because of race and/or national origin.

162.     The actions of Defendants resulted in discriminating against an individual (Plaintiff) in the full utilization of or benefit from an educational institution (Defendant **Wayne State University**) or the services, activities, or programs provided by the educational institution (Defendant **Wayne State University**) because of race and/or national origin.

163.     The actions of Defendants resulted in expelling and otherwise discriminating against an individual enrolled as a student (Plaintiff) in the terms, conditions, and privileges of an educational institution (Defendant **Wayne State University**) because of race and/or national origin.

164.     The actions of Defendants resulted in denying Plaintiff the full and equal enjoyment of the services, facilities, privilege, and advantages of a public accommodation or public service, because of race, and/or national origin.

165.     Defendants, by their agents, representatives, and employees, were predisposed to discriminate on the basis of race, and/or national origin and acted in accordance with that predisposition.

166.     Defendants' actions as described above were in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

167.     As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of her medical school education and Medical Doctor (M.D.) degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental

anguish, humiliation and embarrassment; and loss of personal and professional reputation.

## Count XIV
## Breach of Contract or Implied Contract

168.     Plaintiff repeats and realleges Paragraphs 1 through 167 set forth above with the same force and effect as though set forth in full herein.

169.     Plaintiff had a contract or implied contract with Defendant **Wayne State University,** including, without limitation, the express agreements made when Plaintiff was reinstated to the Medical School following her diagnosis of ADHD in 2007.

170.     Defendants' failure and refusal to abide by the terms of that contract or implied contract constituted a breach of said contract.

171.     As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of her medical school education and Medical Doctor (M.D.) degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

## Count XV
## Intentional Infliction of Emotional Distress

172.     Plaintiff repeats and realleges Paragraphs 1 through 171 set forth above with the same force and effect as though set forth in full herein.

173.     Defendants' conduct as described above was intentional.

29

174.     Defendants' conduct as described above was extreme, outrageous, and of such character as not to be tolerated by a civilized society.

175.     Defendants' conduct resulted in severe and serious emotional distress.

176.     As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of her medical school education and Medical Doctor (M.D.) degree, time and resources, loss of career opportunities and learning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation

### *RELIEF REQUESTED*

Plaintiff demands judgment against Defendants **Board of Governors of Wayne State University** and Defendants **Black** and **Frank**, in their individual and official capacities, jointly and severally, as follows:

**Legal Relief**

**1.** Compensatory damages in whatever amount she is found to be entitled;

**2.** Exemplary damages in whatever amount she is found to be entitled;

**3.** Punitive damages in whatever amount she is found to be entitled;

**4**. An award of interest, costs and reasonable attorney fees.

**Equitable Relief**

**1.** An order reinstating Plaintiff to Defendant **Wayne State University's** School

of Medicine; and otherwise placing her in the position she would have been in but for

Defendants' wrongdoing;

**2.** An injunction out of this Court prohibiting any further acts of wrongdoing;

**3.** An award of interest, costs and reasonable attorney fees.

**4.** Whatever other equitable relief appears appropriate at the time of final judgment.

**JURY DEMAND**

Plaintiff hereby demands trial by jury in the above action.


August 29, 2011                           /s/ Jeffrey L. Herron
                                          Jeffrey L. Herron (P38058)
                                          Attorney for Plaintiff